UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NICK ANTHONY MILLER,

                Petitioner,

                -against-

TERRANCE LAWRENCE, OFFICER
HERNANDEZ & OFFICER JOHN,

                Defendants.
-----------------------------------------------------------x

05 Civ. 6088 (PKC)

MEMORANDUM AND
ORDER ADOPTING REPORT
AND RECOMMENDATION

P. KEVIN CASTEL, District Judge:

        The pro se plaintiff in this action filed his complaint on June 30, 2005. Plaintiff is an inmate incarcerated at the George Motchan Detention Center, a correctional facility maintained by the City of New York. In his complaint, plaintiff alleges that defendant Lawrence threatened him, and he informed defendant officers of this fact. However, defendant officers allegedly did not move him to a new housing as requested, and plaintiff was subsequently assaulted by defendant Lawrence.

        On July 7, 2005, I referred this case to Chief Magistrate Judge Andrew J. Peck for a report and recommendation. (Docket No. 3) Magistrate Judge Peck issued an order dated July 11, 2005, in which he advised plaintiff that if the complaint was not properly served under Fed. R. Civ. P. 4(m), that is, by October 28, 2005, he would recommend that the action be dismissed. (Docket No. 4) The order also directed plaintiff to provide Magistrate Judge Peck's chambers with proof of service of process. (Id.)

        On September 20, 2005, Assistant Corporation Counsel Timothy Parlin wrote to inform this Court that non-defendant City of New York had received a courtesy copy of the

complaint. (Docket No. 6) However, Assistant Corporation Counsel Parlin had received no information about whether defendants had been individually served. (Id.) I then issued an order to remind plaintiff that he must serve a copy of the summons and complaint on each defendant within 120 days of the filing of this action, and that his failure to do so would result in dismissal. (Docket No. 6) On October 3, 2005, the United States Marshal's Office informed me that they had attempted and failed to effect service on defendants. (Docket Nos. 7-10)

The 120-day period for service of process under Rule 4(m) expired on October 28, 2005. On November 15, 2005, Magistrate Judge Peck issued an Order to Show Cause to plaintiff, directing plaintiff to respond by November 30, 2005, with an explanation of what steps he has taken to identify or locate defendants. (Docket No. 10) Plaintiff never responded.

Magistrate Judge Peck issued a Report and Recommendation ("R&R") dated December 13, 2005, recommending that the complaint be dismissed without prejudice for failure to serve process upon defendants. Petitioner filed no objections. Having undertaken a de novo review of the record before me, I find Magistrate Judge Peck's R&R to be well-reasoned and thoroughly grounded in law.

For the reasons set forth below, the Court adopts the Report in its entirety and dismisses the complaint.

Standard of Review

A district court evaluating a magistrate's report may adopt those portions of the report which neither party has objected to and which are not clearly erroneous. Fed. R.

Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985). A district judge may accept, reject, or modify, part or all of the magistrate's findings and recommendations. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Where, as here, the plaintiff is proceeding pro se, "leniency is generally accorded." Muhammad Bey v. Human Res. Admin., 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999) (citing McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988)).

Analysis

I have reviewed the Report as well as appropriate legal authorities, and I find that the Report is not clearly erroneous and is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). See also Fed. R. Civ. P. 4(m). "The Second Circuit has held that dismissal is mandatory when a party is not served within the 120-day time limit and where there is no showing of good cause." Ogbo v. New York State Dep't of Taxation & Fin., 2000 WL 1273840, at *2 (S.D.N.Y. Sept. 6, 2000) (citing Zankel v. United States, 921 F.2d 432, 436 (2d Cir. 1990)). See also Fed. R. Civ. P. 41(b). Despite several warnings from this Court and Magistrate Judge Peck, plaintiff has provided no explanation of his failure to serve process, let alone showed good cause for such failure.

Conclusion and Order

The Court incorporates the Report by reference, and for the reasons stated therein and herein, dismisses the Complaint. The Court respectfully requests that the Clerk of the Court close this case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 3, 2006